IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GLOBALTAP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL VICKREY, and NIRO LAW, LTD., | ) |
| f/k/a NIRO HALLER | ) |
| & NIRO, an Illinois corporation | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

GlobalTap, LLC, by and through its attorney, Edward X. Clinton, Jr., hereby complains of Niro Law, Ltd. ("Niro Firm"), and Paul Vickrey an Illinois corporation as follows:

### The Parties

1. GlobalTap, LLC ("GlobalTap") is a Michigan LLC whose sole member and manager, Daniel Whitman, is a citizen of Michigan. Since 2008, GlobalTap has been in the business of developing outdoor water bottle filling stations. By developing these filling stations, GlobalTap sought to encourage water consumption and to reduce the wasteful use of plastic bottles.

2. Niro Law, Ltd. ("Niro") is an Illinois corporation with its principal place of business located in Cook County, Illinois. Until 2016, Niro was known as Niro, Haller & Niro. Niro is engaged in the practice of law.

3. Paul Vickrey is a citizen of Illinois. At all relevant times, Vickrey was employed by Niro.

4. Pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship between the parties because the plaintiff is a citizen of Michigan and the defendant is a citizen of Illinois and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## Background Facts

5. On or about January 18, 2013, Niro entered into a written contract under which it would represent GlobalTap in pursuing GlobalTap's intellectual property claims against Elkay Manufacturing Company ("Elkay"). The parties understood that Vickrey would be the principal lawyer on the matter.

6. GlobalTap filed a complaint against Elkay. The Complaint alleged claims for (a) patent infringement; (b) trade secret misappropriation; (c) breach of contract; (d) fraud; and (e) unfair competition. Generally, GlobalTap alleged that Elkay had stolen its business ideas and concepts and had wrongfully marketed products that were copies of the products of GlobalTap. GlobalTap further alleged that it had entered into a non-disclosure agreement with Elkay which included information about GlobalTap's trade secrets. GlobalTap alleged that Elkay had manufactured and sold bottle fillers that used the trade secrets from GlobalTap and Elkay became the first to market the product.

6. Prior to their withdrawal from the Elkay litigation, Vickrey and Niro informed GlobalTap that its claims had substantial value, value far in excess of the diversity amount.

7. GlobalTap served discovery requests on Elkay.

8. Elkay served answers to those discovery requests, and Elkay produced some documents.

9. It was clear, however, to GlobalTap that Elkay had not produced all of its responsive documents. Elkay had failed to produce documents showing its sales of the accused products.

10. Fact discovery closed on November 25, 2013.

11. On November 26, 2013, Vickrey filed a motion to withdraw as counsel for GlobalTap. Niro breached its duty to GlobalTap because Niro had not completed discovery and knew, or should have known, that fact discovery was incomplete.

12. On December 2, 2013, the district court granted Vickrey's motion to withdraw.

13. When Vickrey and thus the Niro Firm withdrew, GlobalTap could not remedy the problems caused by Niro because discovery was closed.

14. Niro and Vickrey owed a duty of care and a fiduciary duty to GlobalTap.

15. Niro breached its duties to GlobalTap by failing to prosecute the claims of GlobalTap. Specifically, Niro failed to obtain complete discovery responses from Elkay, including financial records concerning the sales of the accused products and

documents showing whether or not Elkay profited from the sale of the accused products.

16. Niro was aware that Elkay had not produced its sales records. Niro breached the duty of care by failing to move to compel the production of the sales records and other pertinent documentation from Elkay. Without these documents, GlobalTap could not prove the amount it was damaged by Elkay.

17. Niro allowed discovery to close without obtaining the financial records and other documents relative to damages of Elkay.

18. GlobalTap retained successor counsel to complete the Elkay litigation.

19. GlobalTap, through its counsel, retained Henry J. Kahrs to determine whether and how much GlobalTap was damaged by Elkay.

20. Kahrs, an experienced and credentialed expert in the field of damages, prepared a report.

21. On March 16, 2015, Kahrs completed his Expert Report. In his Expert Report, Kahrs explained that "Typically, we are provided with detailed records that are prepared in the normal course of business. These records would include, but not be limited to, financial statements, general ledgers, sales reports, complete sets of invoices, inventory records, production records, etc. In this instance, we understand that Elkay has provided only a spreadsheet summary of outdoor bottle filling station sales. There is no back-up date or ability to verify the completeness or accuracy of any of the information included on this spreadsheet. Therefore, we cannot analyze any of the theories discussed above other than the reasonable royalty analysis. If we receive

additional documents and information in the future, we reserve the right to update our analyses and reports." See Exhibit 1.

22. Kahrs further explained that: "I understand that Elkay has sold $598,692 in outdoor filling stations. We were not provided with any data that would allow us to verify this amount, nor to verify if there were any sales of indoor bottle fillers. Since we do not have this data, we are not able to calculate the full extent of the damages suffered by GlobalTap, LLC. … Further we have not been provided any data regarding costs which would enable us to calculate disgorgement…." Exhibit 1.

23. At all relevant times, Elkay possessed financial statements, general ledgers, sales reports, complete sets of invoices, inventory records, and production records concerning its production and sale of outdoor filling stations.

24. An experienced federal practitioner, such as Vickrey, knew or should have known that he had a duty to prosecute the claim and obtain the relevant documentation from Elkay.

25. As a result of Niro's failure to prosecute and complete discovery, GlobalTap was forced to settle the Elkay case for far less than its reasonable value.

26. Had Niro obtained the relevant documentation and financial records of Elkay, GlobalTap would have been able to prevail at trial or to obtain a larger settlement from Elkay.

### Count I – Legal Malpractice

27. Plaintiff realleges paragraphs 1 through 26 as if set forth herein.

28. Defendant Niro Firm breached its professional duties to GlobalTap by failing to comply with numerous discovery orders. As a result, GlobalTap was forced to settle its claims against Elkay for far less than their reasonable value.

29. But for the negligence and breach of professional duty of the Niro Firm, GlobalTap would have prevailed in its claims against Elkay and would have recovered substantial damages and protected its intellectual property rights.

30. But for the negligence and breach of professional duty of the Niro Firm, GlobalTap would not have been forced to settle the Elkay litigation for significantly less than a reasonable amount and abandon certain intellectual property rights.

31. Had Niro and Vickrey diligently prosecuted discovery, GlobalTap would have obtained admissible evidence to prove each and every element of its claims against Elkay and reasonable damages exceeding $75,000, exclusive of interest and costs.

32. GlobalTap had evidence to prove its claim that (a) Elkay misappropriated its trade secrets; (b) committed fraud and (c) breached its contract with GlobalTap. Additionally, GlobalTap had substantial evidence that it was damaged by the wrongful actions of Elkay. But for the negligence of the Niro Firm, GlobalTap would have prevailed on its claims and would have recovered substantial damages against Elkay.

33. GlobalTap sustained economic damage as a result of the negligence of Defendant Niro Firm.

WHEREFORE, GlobalTap prays that this Court enters judgment in its favor and against Defendant in an amount to exceed $75,000 plus interest and costs. Plaintiff demands a trial by jury.

Respectfully submitted,

GlobalTap, LLC


By: /s/ Edward X. Clinton, Jr.

Edward X. Clinton, Jr.
The Clinton Law Firm
111 West Washington Street, Suite 1437
Chicago, IL 60602
312-357-1515
ARDC Number 6206773
edwardclinton@icloud.com