**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLOBALTAP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16-cv-09327 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| NIRO LAW, LTD., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant's motion to dismiss [30] is granted. Plaintiff's complaint is dismissed with prejudice. The Clerk is directed to enter Judgment in favor of Defendant. See the accompanying Statement for details. Civil case terminated.

**STATEMENT**

Plaintiff GlobalTap, LLC has sued Defendant Niro Law, Ltd. for legal malpractice. GlobalTap retained Niro Law to represent it in a federal lawsuit asserting intellectual property claims against Elkay Manufacturing Company. GlobalTap alleges that Niro Law failed to obtain certain relevant documentation from Elkay during discovery in that lawsuit and that, as a result of that failure, GlobalTap was forced to settle with Elkay for less than the lawsuit's reasonable value. In its initial complaint before this Court, GlobalTap asserted claims against both Niro Law and Paul Vickrey, an attorney with Niro Law. The defendants filed a motion to dismiss the complaint, which this Court granted. GlobalTap then filed its First Amended Complaint ("FAC"). The FAC only asserts claims against Niro Law, dropping Vickrey as a defendant. In response to the amended pleading, Niro Law has again moved to dismiss Global Tap's claims.

I.  **Background**[1]

GlobalTap was in the business of developing water bottle filling stations. (FAC ¶ 1, Dkt. No 28.) In January 2013, GlobalTap entered into a contract with Niro Law to represent it in pursuing a variety of intellectual property claims against Elkay. (*Id.* ¶ 4.) Shortly thereafter, GlobalTap, represented by Niro Law, filed a complaint against Elkay, alleging claims for patent infringement, trade secret misappropriation, breach of contract, fraud, and unfair competition. (*Id.* ¶ 8.)

---

[1] For the purposes of Niro Law's motion to dismiss the FAC, the Court accepts the allegations in the FAC as true and draws all reasonable inferences in GlobalTap's favor. *See, e.g.*, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

During the course of the litigation, GlobalTap's counsel served discovery requests. (*Id.* ¶ 10.) Elkay produced documents but it became clear that Elkay had not produced all of its responsive documents. (*Id.* ¶¶ 12–13.) In particular, Elkay had failed to produce documents showing its sales of the accused products. (*Id.* ¶ 12.) Fact discovery closed on November 25, 2013, and the next day Niro Law filed a motion to withdraw as counsel. (*Id.* ¶¶ 22, 25.) The Court granted the motion on December 2, 2013. (*Id.* ¶ 29.) GlobalTap hired successor counsel to take over the matter and successor counsel hired an expert to determine what damages Elkay had caused GlobalTap. (*Id.* ¶¶ 35–36.) In his report, the expert stated that, based on the documents obtained in discovery, he was not able to verify the sales data provided by Elkay. (*Id.* ¶ 42.) Furthermore, he stated that because he did not receive data on costs, he was not able to calculate disgorgement fully. (*Id.* ¶ 43.) Ultimately, GlobalTap settled the case with Elkay, but GlobalTap now claims that the settlement amount was far less than reasonably expected. (*Id.* ¶ 47.) GlobalTap contends that had it obtained more discovery it would have prevailed at trial or received a larger settlement. (*Id.* ¶ 48.)

## II.     Discussion

A complaint will survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) if, after the Court disregards any portions that are "no more than conclusions," it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "'Plausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015)). A plaintiff seeking to survive a motion to dismiss must "plead some facts that suggest a right to relief that is beyond the speculative level." *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009) (internal quotation marks omitted). That is, "[w]hile a plaintiff need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation marks omitted).

The Supreme Court of Illinois has stated succinctly that a cause of action for legal malpractice includes the following elements: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney, (2) a negligent act or omission constituting a breach of that duty, (3) proximate cause of injury, and (4) actual damages. *See Sexton v. Smith*, 492 N.E.2d 1284, 1286–87 (Ill. 1986). "For purposes of a legal malpractice claim, a plaintiff is not considered to be injured unless and until he has suffered a loss for which he may seek monetary damages. The existence of actual damages therefore is essential to a viable cause of action for legal malpractice, and '[u]nless the client can demonstrate that he has sustained a monetary loss as the result of some negligent act on the lawyer's part, his cause of action cannot succeed.'" *Stevens v. McGuireWoods LLP*, 43 N.E.3d 923, 927 (Ill. 2015) (quoting *N. Ill. Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 837 N.E.2d 99, 107 (Ill. 2005)); *see also Nelson v. Quarles & Brady, LLP*, 997 N.E.2d 872, 880 (Ill. App. Ct. 2013) (stating that no

cause of action for malpractice exists unless counsel's negligence has resulted in the loss of an underlying cause of action or, if the attorney was defending in the underlying suit, the loss of a meritorious defense).

In its prior decision, the Court observed that GlobalTap's initial complaint stated no facts regarding how Niro Law's alleged failure to pursue further documentation from Elkay through the discovery process resulted in the loss of an underlying cause of an action. (Order at 3, Dkt. No. 23.) Rather, GlobalTap sought to proceed on a theory that had it received more discovery from Elkay, GlobalTap might have discovered that Elkay misstated its sales or GlobalTap might have analyzed further damages theories that might have benefited its case. (*Id.*) GlobalTap's FAC still relies upon this theory but, just as with the prior complaint, the FAC has not stated any facts that would plausibly suggest that any additional documentation received in discovery from Elkay would actually contradict Elkay's representations in the lawsuit or reveal other damages theories that would have resulted in a more favorable settlement. Thus, GlobalTap's FAC still fails to set forth facts plausibly suggesting that Niro Law's alleged failures in diligently pursuing discovery actually resulted in loss; instead, the FAC rests solely on speculation about the possibility of what additional discovery might have shown and what impact it might have had on settlement negotiations. As a result, the FAC must be dismissed.

The dismissal shall be with prejudice, as the Court concludes any further opportunity for amendment would be futile. *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012) ("District courts have broad discretion to deny leave to amend . . . where the amendment would be futile."). Given that the Court's prior ruling highlighted for GlobalTap that it would be required to set forth facts plausibly suggesting that Niro Law's alleged breach actually resulted in loss and that GlobalTap's FAC still failed in this regard, the Court concludes that, even if offered another opportunity to amend its complaint, GlobalTap would be unable to plead sufficient facts to state a claim.

Dated: July 26, 2017

_____
Andrea R. Wood
United States District Judge